**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **ERIC D. GARNER, individually** | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| **V.** | § | **Civil Action No. 4:12-CV-00713** |
| | § | |
| **JOSEPH CORY HOLDINGS, LLC** | § | |
| **D/B/A JOSEPH CORY COMPANIES** | § | |
| **& CORY HOME DELIVERY** | § | |
| **SERVICE,** | § | |
| | § | |
| *Defendant*. | § | |

---

### PLAINTIFF'S MOTION TO EXCLUDE EXPERT WITNESSES

---

**TO THE HONORABLE OF SAID COURT:**

**NOW COMES**, ERIC D. GARNER, (hereinafter "Plaintiff" or "Garner"), and files this his Motion to Exclude Expert Witnesses as designated by JOSEPH CORY HOLDINGS, LLC (hereinafter "Defendant" or "JCH") attorney of record for Plaintiff, Eric D. Garner (hereinafter referred to as "Garner") and, in support thereof, would show to the Court as follows:

### I.      BACKGROUND

1.      Defendant has designated five (5) experts to provide testimony regarding the applicability of the Federal Motor Carrier Safety Administration and Department of Transportation regulations for commercial motor vehicle drivers and the Defendant's adoption and implementation of those requirements in its business.  *See* Exhibit "A," Defendant's Expert Disclosures.  Additionally, Defendant has designated each of these five (5) individuals to testify regarding applicable Texas law that exempts drivers from employment relationships.

2.      As demonstrated below, this testimony has no conceivable relevance to any claim or defense in this case and, therefore, must be excluded.  *Daubert v. Merrell Dow Pharms.*, 509 U.S.579, 592-93 (1993); Fed.R.Evid.702.  Moreover, aside from the fact that each of the five (5) individuals have been designated to testify about the <u>exact same information</u>, none of the individuals are qualified to offer such opinions in the first instance.   While each may be employed by Defendant, they are not necessarily qualified, nor do they have any expert training, education, or expertise in the above-referenced areas of law.

3.      Furthermore, with respect to witnesses who do not provide a written report, Rule 26(a)(2)(C) requires the written report to provide:  (i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and (ii) a summary of the facts and opinions to which the witness is expected to testify.  Fed.R.Civ.P.26(a)(2)(C)(ii).

4.      For the reasons provided hereinbelow, neither of the five (5) individuals are qualified to testify as an expert on these topics and should not be permitted to do so under *Daubert* and Federal Rule of Evidence 403.  Furthermore, and in the alternative, Defendant has failed to satisfy the prerequisites of Rule 26(a)(2)(C).

5.      As such, Plaintiff seeks relief from this Honorable Court and requests that Defendant's designated experts be stricken.

## II.     ARGUMENT

### A.  PLAINTIFF'S EXPERT WITNESSES FALL SHORT OF BEING QUALIFIED AND SEEK TO TESTIFY AS TO IRRELEVANT MATTERS SOLELY FOR THE PURPOSE OF DRAWING THE COURT'S ATTENTION AWAY FROM THE HEART OF THIS LAWSUIT.

6.      Federal Rules of Evidence 702 and 703, as interpreted in *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993), and *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999),

govern the admissibility of testimony of expert witnesses. Before allowing expert testimony to be heard, a district court must be assured that the proffered witness is qualified to testify by virtue of his or her "knowledge, skill, experience, training or education." *See id.* The party seeking to rely on expert testimony bears the burden of establishing, by a preponderance of the evidence, that all requirements have been met. *Daubert*, 509 U.S. at 593, n.10; *Moore v. Ashland Chem., Inc.*, 151 F.3d 269, 276 (5th Cir. 1998); *Kumho*, 526 U.S. at 147.

7.      In evaluating the admissibility of expert testimony, the key factors are reliability and relevance. *Daubert*, 509 U.S. at 589 (under Rule 702, expert testimony must be "not only relevant, but reliable"). The overarching goal of *Daubert's* gatekeeping requirement, however, is to ensure the reliability and relevancy of expert testimony and to make certain that an expert, whether basing testimony upon professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field. *Kumho*, 526 U.S. at 152.

8.      Rule 702 of the Federal Rules of Evidence require that the expert's opinion assist the trier of fact in understanding the evidence or determining a fact in issue – that is, the opinion must be relevant. *See Pipitone v. Biomatrix, Inc.*, 288 F.3d 239, 245 (5th Cir.2002).

9.      In the present case, Defendant has failed to offer any evidence supporting the contention that the nonretained designated experts have the requisite knowledge, skill, experience, training, or education to testify regarding the matters set forth in Defendant's designation.

10.      For instance, Defendant states that each of the designated individuals is to testify regarding the applicability of the Federal Motor Carrier Safety Administration and Department of Transportation regulations.  Additionally, each are to further testify regarding the applicability

of Texas law that specifically exempts delivery drivers from employment relationships. However, Defendant offers no certificates, awards, curriculum vitae, or other type of support to demonstrate the specified individuals are actually qualified to testify regarding such complicated and convoluted matters.

11.     Furthermore, the opinion sought to be offered by the Defendant's designated experts will not assist this Honorable Court in determining a fact issue – that is, whether Plaintiff was misclassified as an independent contractor, thus denying him of common benefits one would normally enjoy under an employee status, such as:  wages; holiday pay; workers' compensation; unemployment insurance; income tax withholding; meal, break and rest periods.

12.     Defendant's attempt to testify as to the Federal Motor Carrier Safety Administration and Department of Transportation regulations is merely an attempt by the Defendant to draw the Court's attention away from the issue at hand – the misclassification of Plaintiff as an independent contractor. The heart of this lawsuit surrounds the misclassification of an employee as an independent contractor, solely for the purpose of benefitting from unlawful wage deductions.

**B.  DEFENDANT HAS FAILED TO SATISFY THE REQUIREMENTS OF RULE 26(A)(2)(C)**

13.     Federal Rule of Civil Procedure 26(a)(2)(C) governs mandatory disclosures concerning non-retained experts. Fed.R.Civ.P. 26(a) (2)(C). A party must provide disclosures stating both the subject matter on which the non-retained expert is expected to present evidence and a summary of the facts and opinions as to which the non-retained expert is expected to testify. Fed.R.Civ.P. 26(a) (2)(C)(i)-(ii).

14.     In this case, Defendant makes a meager attempt to offer disclosures regarding the non-retained experts (all of whom currently are or were employed by Defendant), but lack a

summary of facts or opinions of the experts' expected testimony.  *See* Ex. A, Def's Expert Disclosures.  Defendant attempts to satisfy the requirement to specify the subject matter that the expert will be testifying about, albeit simply copy/pasting the same synopsis for each; however, Defendant wholly fails to satisfy the requirement of offering a summary of the facts and opinions to which the witness is expected to testify, as required by Rule 26(a)(2)(C)(ii).

15.     Additionally, without the requisite information, it is difficult for Plaintiff to ascertain whether the designated witnesses need to be deposed, thereby further hindering Plaintiff.

16.     Furthermore, the Fifth Circuit has noted that a delay of even a few weeks in disclosing expert testimony disrupts the court's schedule and the opponent's preparation and is thus prejudicial. *Geiserman v. MacDonald,* 893 F.2d 787, 790 (5th Cir.1990) (citations omitted).

17.     Although Defendant has accessibility to each of the five (5) non-retained designated experts, Defendant has not made any effort to satisfy the requirements of Rule 26(a)(2)(C)(ii).  It is not as if the non-retained designated experts tendered by Defendant are inaccessible or difficult to reach.

18.     For the foregoing reasons, Plaintiff requests this Honorable Court find that Defendant's disclosures violate Rule 26(a)(2)(C)(ii) of the Federal Rules of Civil Procedure and respectfully requests the designated experts be stricken.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff respectfully requests that upon consideration of the same, the Court grant Plaintiff's motion and exclude the expert testimony of the five (5) witnesses designated by Defendant through Defendant's Expert Disclosures dated August 2, 2013.

Respectfully submitted,

**KHAVARI & MOGHADASSI**
**ATTORNEYS AT LAW, P.C.**


By: /s/ Rod B. Khavari
**Rod B. Khavari**
Texas Bar No. 24060090
3100 Monticello Ave., Ste. 840
Dallas, Texas 75205
Tel. (972) 225-4444
Fax. (972) 225-4445
E-Mail:  rodk@dfwlawgroup.com
*Attorney for Plaintiff*


## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing instrument was filed electronically in compliance with Local Rule 5.1 on September 2, 2013, and was thus served on all counsel who have consented to electronic service.  All other counsel of record who have not consented to such service, if any, will be served a true and correct copy of the foregoing instrument in compliance with Rule 5 of the Federal Rules of Civil Procedure on September 2, 2013.


/s/ Rod B. Khavari
Rod B. Khavari